UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENDA JAEGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:09-CV-2126 CAS |
| v. ) | |
| ) | |
| WAL-MART STORES EAST I, LP, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is plaintiff's second motion to quash notice of her deposition.[1] With what appears to be sufficient notice to plaintiff, defense counsel scheduled plaintiff's deposition for September 10, 2010. According to plaintiff, however, defendants have not substantially complied with plaintiff's written discovery requests, and therefore she is unable to sufficiently prepare for the deposition. This is not an adequate reason to quash a deposition, particularly that of a party opponent. The case is governed by the Federal Rules of Civil Procedure, and more specifically, Rule 26(2)(A) and (B), which state: "methods of discovery may be used in any sequence," and "discovery by one party does not require any other party to delay its discovery." Defendants are entitled to take plaintiff's deposition, upon proper notice, without leave of Court. See Fed. R. Civ. P. 30(a)(1). The fact there may be outstanding discovery requests does not preclude defendants from taking plaintiff's

---

[1] Plaintiff's first motion to quash notice of deposition was denied for failing to comply with Local Rule 3.04(A). See Doc. 21.

deposition. Following a good faith effort to resolve the dispute, plaintiff's recourse regarding the discovery requests would be, if necessary, a motion to compel. Plaintiff has not provided sufficient reason to quash her deposition, and therefore her motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's second motion to quash notice of plaintiff's deposition is **DENIED.** [Doc. 22]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 13th day of September, 2010.